# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JENNY DOE, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| ORANGEFIELD INDEPENDENT | § | |
| SCHOOL DISTRICT, PORT ARTHUR | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| and KIP ERIC MCFARLIN, | § | |
| Defendants. | § | |

## DOCUMENTS IN STATE COURT FILE

A.  Civil Case Information Sheet

B.  Civil Docket Sheet

C.  Plaintiff's Original Petition

D.  Civil Citation – Orangefield Independent School District (No return on file)

E.  Civil Citation – Port Arthur Independent School District (No return on file)

F.  Civil Citation – Kip McFarlin (No return on file)

**Orangefield ISD has attached certified copies of certain state court documents pursuant to Local Rule 81(c). The certified documents, however, display a watermark indicating they are not certified when put into electronic format. Orangefield ISD can provide the Court with the original certified copies upon request.**

# EXHIBIT 2A

04/23/13 16:25:16 Orange County District Clerk Scanned By Carolyn

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* A 130-109-C     COURT *(FOR CLERK USE ONLY):* 128th

STYLED Jenny Doe v. Orangefield Independent School District et al.

*(e.g., John Smith v. All American Insurance Co.; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Contact information | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Ben Landgraf | **Plaintiff(s)/Petitioner(s):** Jenny Doe | ☑ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Email:** blandgraf@lawtx.com | | |
| **Address:** 1250 Wood Branch Pk.Dr. Suite 625 | **Telephone:** 713-864-4000 | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77079 | **Fax:** 713-868-9393 | **Custodial Parent:** |
| **Signature:** [signature] | **State Bar No:** 24072199 | **Defendant(s)/Respondent(s):** Orangefield ISD Port Arthur ISD Kip Eric McFarlin |
| | | **Non-Custodial Parent:** |
| | | **Presumed Father:** |

*[Attach additional page as necessary to list all parties]*

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | ☐ Support Order |
| ☐ Other Foreclosure | | ☐ Expunction | ☐ Enforce Foreign Judgment | |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Child Protection |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Child Support |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Other: | ☐ Custody or Visitation |
| ☐ Other Contract: | | | | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | | | ☐ Grandparent Access |
| | | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental Rights |
| **Employment** | | **Other Civil** | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☑ Other: 42. U.S.C. 1983 | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13

**DO NOT COPY OR ALTER · This document contains security features.**



State of Texas
County of Orange
I, VICKIE EDGERLY, Clerk of the District Court in
and for Orange County, Texas, do hereby certify
that the above and foregoing is a true and correct
copy of the Original Hereof, as same was filed and
appears of record in my office.
Witness my official seal and signature of office
in Orange, Texas, this the ___ day of _____ 20 13

VICKIE EDGERLY
Clerk of District Court
of Orange County, Texas
by _____

PAM DAY

# EXHIBIT 2B

# CIVIL DOCKET

Case No. **A** 130109

| NUMBER OF CASE | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| **A** 130109 | JENNY DOE | BENJAMIN T LANDGRAF   Pltf. | DAMAGES—OTHER | 4 | 17 | 13 |
| | VS | | | | | |
| Jury Fee $ | ORANGEFEILD INDEPENDENT | Deft. | | | | |
| Paid | SCHOOL DISTRICT ET AL | | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| Mo. | Day | Year | |
| | | | |
| | | | |
| | | | |

DO NOT COPY OR ALTER · This document contains security features.

NON CERTIFIED COPY

State of Texas
County of Orange
   I, VICKIE EDGERLY, Clerk of the District Court in
and for Orange County, Texas, do hereby certify
that the above and foregoing is a true and correct
copy of the Original Hereof, as same was filed and
appears of record in my office.
   Witness my official seal and signature of office
in Orange, Texas, this the __ day of _May_ 20 /3



VICKIE EDGERLY
Clerk of District Court
of Orange County, Texas
by _____
**PAM DAY**

# EXHIBIT 2C

 **COPY**

No. A 130109-C

| | | |
|---|---|---|
| JENNY DOE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ORANGEFIELD INDEPENDENT | § | ORANGE COUNTY, T E X A S |
| SCHOOL DISTRICT, PORT ARTHUR | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| and KIP ERIC MCFARLIN, | § | |
| | § | |
| Defendants. | § | 128th JUDICIAL  DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Jenny Doe, through a pseudonym to protect her identity as a sexual assault victim, complaining of Defendants Orangefield Independent School District ("Orangefield"), Port Arthur Independent School District ("Port Arthur"), and Kip Eric McFarlin ("McFarlin") and for causes of action would show the Court the following:

I.

### DISCOVERY

1.     Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190. Plaintiff affirmatively pleads that she seeks monetary relief aggregating more than $50,000.

II.

### PARTIES

2.     Plaintiff Jenny Doe currently resides in Houston, Harris County, Texas. At all relevant times hereto, Jenny Doe resided in Jefferson County, Texas. Defendant know the true identity of Jenny Doe.

1

3.      Defendant Orangefield Independent School District is a political subdivision and agency of the State of Texas, and is located in Orange County, Texas. Orangefield may be served with process through its superintendent, Stephen Patterson, at 9974 FM 105, Orangefield, Texas 77630.

4.      Defendant Port Arthur Independent School District is a political subdivision and agency of the State of Texas, and is located in Jefferson County, Texas. Port Arthur may be served with process through its superintendent, Johnny Brown, at PO Box 1388, Port Arthur, Texas 77641.

5.      Defendant Kip Eric McFarlin is a resident of Jefferson County, Texas, has been a resident of Texas during all times relevant hereto, and may be served with process at his residence, located at 1207 S. 29th Street, Nederland, Texas 77627, or at his place of business, located at 4749 N. Twin City Highway, Suite 410, Port Arthur, Texas 77642.

III.

### JURISDICTION

6.      Plaintiff brings suit for all damages to which she is entitled by law. Plaintiff's damages exceed the minimum jurisdictional limits of this Court. This Court has concurrent jurisdiction over Plaintiff's claims that arise under federal law.

IV.

### VENUE

7.      Venue is mandatory in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.0151(a) because Defendant Orangefield is a political subdivision wholly located in a county with a population of 100,000 or less.

V.

### SUPERVISORY AUTHORITY

2

8.      Whenever in this Petition it is alleged that Orangefield or Port Arthur did any act or thing, it is meant that Orangefield or Port Arthur school district employees with supervisory authority did said act or thing.

VI.

## STATEMENT OF FACTS

9.      This case involves the tragic sexual abuse of Jenny Doe when she was a 16 year-old student in the Port Arthur Independent School District. Her abuser was her science teacher, 41 year-old Kip McFarlin. McFarlin is a serial predator with a long history of sexual harassment and abuse of students at Southeast Texas schools. Unfortunately, instead of stopping his deviant behavior, school districts simply passed him on to another district when the allegations of abuse became too strong for him to remain at the school. In fact, Defendant Orangefield actually concealed McFarlin's behavior from an inquiring school district, and lied to the district in order to cover up McFarlin's abuses. This lawsuit is brought in part to halt the disgusting "trend" of child abuse in Southeast Texas schools, and the perverse school district culture of aiding and abetting those who abuse.

A.      **"Passing the Trash"**[1]

        *Little Cypress-Mauriceville CISD*

10.     Defendant Kip McFarlin was a teacher and coach at Little Cypress-Mauriceville High School from August of 1995 to May of 1997. In 1997 McFarlin resigned and went to Nederland ISD, a neighboring school district.

---

[1] "Passing the trash" is a term commonly used by school officials when allowing a teacher accused of sexual abuse to resign in lieu of being fired so that the teacher can obtain employment in a different school district. A letter of recommendation or a "no concerns" referral often is provided by the school to assist the teacher with getting hired elsewhere. *See* Charol Shakeshift & Audrey Cohan, *Sexual Abuse of Students by School Personnel*, 76 Phi Delta Kappan 512, 516 (1995); Diana Jean Schemo, *Silently Shifting Teachers in Sex Abuse Cases*, N.Y. Times, June 18, 2002, at A19.

11.     When the indictment of McFarlin for sexually abusing Jenny was reported, a former student of McFarlin's at Little Cypress-Mauriceville revealed that McFarlin sexually harassed numerous girls in her class during the lessons. She disclosed that McFarlin would tell the girls about the size of his penis and offer to take them out "and show them the real world." Further, she relayed that she witnessed McFarlin having sexual intercourse with her friend—a fellow classmate and student of McFarlin's—on the high school campus. She stated that McFarlin's behavior was well known at the school.

*Nederland ISD*

12.     From July of 1997 to May of 2004, McFarlin was employed by Nederland Independent School District as a teacher and coach. In mid-April 2004, McFarlin participated in a conference with school administrators regarding complaints that, among other things, McFarlin was making "inappropriate comments about his 'sex life'" to students. McFarlin acknowledged that he was accused of the same thing the prior year, and denied making the comments. One month later, McFarlin resigned from Nederland, and the district took no further action.

*Orangefield ISD*

13.     McFarlin was then hired by the Orangefield Independent School District, which is adjacent to Nederland. McFarlin's brother-in-law at the time was a coach at Orangefield, and this connection is why McFarlin was provided a job. Orangefield testified in a pre-suit deposition that had it known about the Nederland complaints, it would not have hired McFarlin.

14.     For two years Orangefield employed McFarlin as a teacher and coach at its high school. One year after being hired, McFarlin was accused of acting unprofessionally with and making inappropriate sexual remarks toward female students. Orangefield suspended McFarlin with pay

4

as a result of these allegations. Orangefield ultimately reinstated him, however, when a student

close to McFarlin told the district the other students' accusations were untrue.[2]

15.     Roughly six months after being reinstated, McFarlin was reported to school officials for

imminent sexual abuse of a female student. This time, a fellow teacher was notified that

McFarlin was staying in town with the student for the holiday weekend to have sex. It turns out

that this student was the same one McFarlin used to discredit the previous girls' allegations of

misconduct against him. In effect, McFarlin was using one child, whom he was sexually abusing

or preparing to abuse, to discredit the other children who complained of his sexual advances.

16.     McFarlin was turned in to the administration, and instead of starting a termination

procedure (a process that involves a hearing and option to appeal), then-Superintendent Mike

Gentry ordered McFarlin to resign without delay. <u>This order was a deal with McFarlin: Resign

now and the matter will not be spoken of again.</u> It was intended to, and did, prevent the latest

sexual abuse allegation against McFarlin from being documented, reported, or made public. And

it also allowed McFarlin to apply to another school district without having to explain a

termination from Orangefield. Not surprisingly, McFarlin resigned that afternoon.

17.     Despite its obligation to do so, Orangefield did not investigate the matter; or notify any

law enforcement agencies, the Texas Education Agency, or any subsequent school districts about

this incident. To the contrary, Orangefield continued to conceal this incident, including from Port

Arthur when Port Arthur inquired about McFarlin prior to hiring him, <u>and lied by saying

McFarlin resigned because of a *divorce in the family*.</u> Orangefield's lies constituted actual

abetment of McFarlin's predatory behavior.

---

[2] A landmark study of sexual abuse of students by school employees revealed that 92.5% of all student reports of
sexual abuse or harassment by teachers turn out to be <u>true</u>. *See* Charol Shakeshift & Audrey Cohan, *Sexual Abuse of
Students by School Personnel*, 76 Phi Delta Kappan 512, 516 (1995).

*"Cooling off" Jobs*

18.     After abruptly resigning, McFarlin worked at a local car dealership and then at an all-male youth corrections facility in Beaumont until the talk about his reputation died down.

*Port Arthur ISD*

19.     Less than two years after leaving Orangefield, McFarlin was hired by Port Arthur ISD, a neighboring school district, as a teacher and coach at Memorial High School.

20.     Port Arthur's director of personnel testified to five things, among others: 1) he had the authority to deny McFarlin's application for employment; 2) he personally conducted the reference and background checks on McFarlin; 3) when he contacted Orangefield regarding McFarlin, Orangefield informed him that it had *no concerns* regarding McFarlin; 4) during that conversation, Orangefield informed him that McFarlin resigned because of a divorce in the family; and 5) had he been provided with notice of the suspension at Orangefield, he would not have hired McFarlin—in order to protect the Port Arthur students.

21.     However, and with this paragraph pleaded in the alternative, Orangefield's superintendent (at the time of the inquiry by Port Arthur) stated that it was Orangefield policy to disclose suspension documentation to school districts conducting a reference check on former Orangefield teachers. And Orangefield asserts it is not aware of any violation of this policy. Per Orangefield policy then, Port Arthur received the McFarlin suspension documentation during the reference and background check process prior to hiring McFarlin, yet hired him anyway.

        a. Jenny Doe

22.     Jenny Doe transferred from a private school to Memorial High School in the fall of 2011, and did not know anyone at her new school. McFarlin was her science teacher. Her academic performance, as well as her shyness, were well above average. McFarlin recognized these traits

6

in Jenny, and used them to his advantage. Soon after the semester started, McFarlin told Jenny to "private message him" on Facebook should she need anything. Knowing McFarlin was a football coach, Jenny sent him a Facebook message wishing the team good luck before the first game of the season. McFarlin responded quickly, doting compliments on her. Within hours, his messages to her turned sexual, with him talking about masturbation. He sent her his cell phone number and convinced her to do the same.

23.     At school, McFarlin focused on Jenny. He began by complimenting her and giving her preferential treatment during class. He then started asking about her jewelry, and would have Jenny come closer to him so he could look at her necklace. Eventually, he started touching Jenny's legs, joking with her and telling her he was interested in her clothing. Outside of school, he would send her Facebook messages and texts, and even came by her house to visit when she was at home alone with an illness.

24.     During a school holiday in September, McFarlin asked Jenny to go with him to Pleasure Island—a spit of land in Port Arthur with a golf course and other outdoor activities. While parked in the Pleasure Island parking lot, McFarlin began fondling her.

25.     McFarlin's grooming of Jenny ultimately "paid off" when he convinced her to have sexual intercourse with him. On October 3, 2011, McFarlin took Jenny back to the Pleasure Island parking lot, where he had sex with her in his truck. He gave her a teddy bear as well as a card, and told her to think of October 3 as their "first date."

26.     Over the next several months, McFarlin sexually abused Jenny numerous times. He would remove Jenny from her second period classes and sexually abuse her in his empty classroom. On one occasion he even took her to the football locker rooms to have sex with her.

McFarlin told Jenny to think of him as her boyfriend, and told her not to worry about the difference in their ages..

27.     A third party's discovery of the texts and Facebook messages is what finally brought McFarlin's abuse to an end. When discovered, Jenny's family immediately contacted local law enforcement and Port Arthur. McFarlin was placed on administrative leave with pay by the school district, but yet again resigned without being terminated.

28.     As a result of his sexual abuse of Jenny, McFarlin has been indicted in Jefferson County for sexual assault (sexual intercourse with a child) and improper relationship between educator and student—both second degree felonies. He is awaiting trial.

29.     Since the incident, Jenny and her family have moved out of the Port Arthur area and are attempting to rebuild their lives.

### Similar Incidents in Southeast Texas

30.     The sexual abuse of students by their teachers has become endemic. While certainly not limited to Southeast Texas, student sexual abuse has manifested in grossly disproportionate numbers in this small geographic area. For example, from 2009 to 2012 alone, nine Southeast Texas educators were indicted or convicted of crimes related to sexually abusing their students. Two-thirds of these educators committed the abuse at the school districts that previously employed McFarlin. In a *single month* in 2009, three teachers in Orange County were suspended for separate incidents of improper relationships with students.

31.     Given the closeness of the community, the small geographic area, the high incidence of sexual abuse, and the prolific media coverage of these incidents, Orangefield and Port Arthur had actual notice of the real threat to their students'—including Jenny Doe's— constitutional right to be free from any type of sexual abuse.

8

32.    And given that the sexual assaults continued and even increased without regard to existing school district written policies, Orangefield and Port Arthur were deliberately indifferent to those students'—including Jenny Doe's—rights when they chose not to modify their failing policies to protect the children from harm.

33.    Such modifications would have been simple, easy to implement, and could have prevented or stopped the abuse of Jenny Doe. Failure to change existing policies that are glaringly deficient in preventing the exact type of harm known to be rampant is within itself a policy of inadequacy and deliberate indifference.

VII.

**CAUSES OF ACTION**

COUNT 1
**Orangefield Independent School District**

**Violation of 42 U.S.C. § 1983**

34.    Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of paragraph 21 which is pleaded in the alternative to support Plaintiff's cause of action against Port Arthur.

35.    Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

36.    Orangefield, through its employees with supervisory authority, was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Jenny Doe's—rights, which proximately caused Plaintiff's injuries and resulting damages.

37.    To be sure, Orangefield violated 42 U.S.C. § 1983 in the following ways, among others:

9

- It purposely misled Port Arthur by stating it had no concerns during an inquiry about McFarlin's past at Orangefield. It did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children;

- It withheld the documentation demonstrating McFarlin's suspension for sexual harassment of children. It did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from harassing or abusing children;

- It fraudulently concealed the reason for McFarlin's abrupt resignation, which was due to concrete allegations of imminent sexual abuse of a child. It did so by choosing not to document the incident, choosing not to contact law enforcement, choosing not to notify the Texas Education Agency, and choosing not to disclose and actually hiding the incident from Port Arthur. It did so also knowing McFarlin would seek employment at another school district. Indeed, getting McFarlin hired elsewhere was a purpose of Orangefield's concealment. And it did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children. It had both a legal and a moral obligation to take each aforementioned action, yet it simply swept the incident under the rug;

- When directly asked, it lied to Port Arthur about the purpose of McFarlin's resignation by stating that he left due to a divorce in the family. It did so knowing he left due to concrete allegations of imminent sexual abuse of a child. It did so also knowing Port Arthur was

inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children; and

- It failed to notify, at any time, Port Arthur, law enforcement, or the Texas Education Agency of McFarlin's sexually deviant behavior with children at Orangefield. This violation constitutes a continuing tort. It did so knowing McFarlin was employed as a teacher of children at Port Arthur and knowing that notification would prevent McFarlin from abusing children. Indeed, Orangefield testified that it would not employ McFarlin based solely on the complaints from Nederland. From August of 2008 onward, Orangefield had actual notice that McFarlin was going to be employed or was employed at Port Arthur, yet it concealed the allegations of sexual abuse during this entire time thus allowing McFarlin to abuse Jenny Doe.

38.    Orangefield's actions and inactions constituted policies of the school district and reflected deliberate indifference to the civil rights of Plaintiff Jenny Doe.

39.    Orangefield's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

COUNT 2
**Port Arthur Independent School District**

**Violation of 42 U.S.C. § 1983**

40.    Plaintiff pleads Count 2 in the alternative to Count 1, and incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of 5) in paragraph 20 as well as the paragraphs in Count 1 which are pleaded in the alternative to support Plaintiff's cause of action against Orangefield.

41.     Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

42.     Port Arthur, through its employees with supervisory authority, was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Jenny Doe's—rights, which proximately caused Plaintiff's injuries and resulting damages.

43.     To be sure, Port Arthur violated 42 U.S.C. § 1983 in the following way, among others:

- It hired McFarlin as a teacher of children after it received notice that McFarlin was previously suspended for sexual harassment of children. It did so despite knowing that refusing to hire McFarlin would prevent McFarlin from abusing children at Port Arthur.

- In the face of an increasing incidence of sexual harassment and abuse around and within Port Arthur, which demonstrated a clear failure of existing policies, it failed to create new policies, or reinforce existing policies, to prevent the harassment and abuse.

44.     In the alternative to the preceding paragraph and all preceding paragraphs that are contrary to this paragraph, Plaintiff asserts that Port Arthur was willfully blind to the evidence that McFarlin posed a danger to children, and employed McFarlin despite its conscious avoidance of McFarlin's past. Numerous "flags" were raised about McFarlin that should have prompted Port Arthur to investigate further, including McFarlin's resignation from three separate teaching positions in a four-year span; a same-day resignation from Orangefield; recent employment at a youth prison despite being qualified to work at a public school; recent employment at a car dealership despite being licensed as a child educator; and inconsistencies in the written reasons McFarlin gave for leaving Orangefield on his employment applications. In

12

the face of these warning signs, Port Arthur did not inquire further because it was afraid of what the inquiry would yield.

45.     Port Arthur's actions and inactions constituted policies of the school district and reflected deliberate indifference to the civil rights of Plaintiff Jenny Doe.

46.     Port Arthur's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

COUNT 3
**Kip Eric McFarlin**

**Assault and Battery**

47.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

48.     Defendant Kip McFarlin intentionally and/or knowingly touched Plaintiff Jenny Doe, a minor unable to legally consent, in an offensive manner.

49.     McFarlin intentionally and/or knowingly caused the penetration of the sexual organ of Plaintiff who was a child (as defined in Texas Penal Code § 22.011(c)(1)).

50.     McFarlin's conduct proximately caused Plaintiff's injuries and resulting damages.

VIII.

**ATTORNEYS' FEES**

51.     Defendants' conduct as described in this Petition and the resulting damage and loss to Jenny Doe has necessitated Plaintiff's retaining the undersigned counsel. Plaintiff is, therefore, entitled to recover from Defendant Orangefield and Defendant Port Arthur an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts. In this regard, Plaintiff claims entitlement to attorneys' fees and costs under the fee-shifting provisions of 42 U.S.C. § 1988.

13

IX.

## DAMAGES

### Orangefield Independent School District

52.   Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

53.   Plaintiff Jenny Doe seeks the following damages from Defendant Orangefield:

   o   Past and future pain and suffering;

   o   Past and future mental anguish;

   o   Past and future medical, psychiatric, psychological, and therapeutic expenses that
       have been or are reasonably likely to be incurred;

   o   Pre-judgment and post-judgment interest;

   o   Exemplary damages (including but not limited to damages allowed under sections
       41.008(c) of the Texas Civil Practice and Remedies Code);

   o   Injunction requiring Orangefield to implement new policies to prevent sexual
       abuse and harassment of students;

   o   Attorneys' fees pursuant to 42 U.S.C. § 1988; and

   o   Any other damages allowed under the law and proved in the trial of this case.

### Port Arthur Independent School District

54.   Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

55.   Plaintiff Jenny Doe seeks the following damages from Defendant Port Arthur:

   o   Past and future pain and suffering;

   o   Past and future mental anguish;

   o   Past and future medical, psychiatric, psychological, and therapeutic expenses that
       have been or are reasonably likely to be incurred;

   o   Pre-judgment and post-judgment interest;

   o   Exemplary damages (including but not limited to damages allowed under sections
       41.008(c) of the Texas Civil Practice and Remedies Code);

   o  Injunction requiring Port Arthur to implement new policies to prevent sexual abuse and harassment of students;

   o  Attorneys' fees pursuant to 42 U.S.C. § 1988; and

   o  Any other damages allowed under the law and proved in the trial of this case.

### Kip Eric McFarlin

56.    Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

57.    Plaintiff Jenny Doe seeks the following damages from Defendant McFarlin:

   o  Past and future pain and suffering;

   o  Past and future mental anguish;

   o  Past and future medical, psychiatric, psychological, and therapeutic expenses that have been or are reasonably likely to be incurred;

   o  Pre-judgment and post-judgment interest;

   o  Exemplary damages (including but not limited to damages allowed under section 41.008(c) of the Texas Civil Practice and Remedies Code);

   o  Attorneys' fees pursuant to 42 U.S.C. § 1988; and

   o  Any other damages allowed under the law and proved in the trial of this case.

### X.

### CONDITIONS PRECEDENT

58.    All conditions precedent to the Defendants' liability and Plaintiff's right to recover have occurred or have been waived.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Jenny Doe requests that Orangefield Independent School District, Port Arthur Independent School District, and Kip Eric McFarlin be cited to appear and answer, and that on final trial, Plaintiff is awarded:

A Judgment against Defendants for actual damages in an amount in excess of the minimum jurisdictional limits of the Court, with prejudgment and post judgment interest at the maximum lawful rate beginning as soon as the current law permits;

B Court costs;

C Exemplary damages (including but not limited to damages allowed under section 41.008(c) of the Texas Civil Practice and Remedies Code);

D Injunction requiring the Defendant school districts to implement new policies to prevent sexual abuse and harassment of students;

E Attorneys' fees pursuant to 42 U.S.C. § 1988; and

F Further relief, special and general, at law and in equity, to which Plaintiff may show herself justly entitled.

## PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

McGEHEE ✶ CHANG, BARNES

Jack E. McGehee  TBN 13623700
H. C. Chang  TBN 24031930
Stephen A. Barnes  TBN 24066953
Benjamin T. Landgraf  TBN 24072199
1250 Wood Branch Park Dr., Suite 625
Houston, Texas 77079
(713) 864-4000
(713) 868-9393 fax
ATTORNEYS FOR PLAINTIFF

# EXHIBIT 2D

CIVIL CITATION - CITCVWD

## THE STATE OF TEXAS

**To:**   Orangefield Independent School District
C/O Stephen Patterson
9974 Fm 105
Orangefield TX 77630

Defendant, NOTICE:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Said ANSWER may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, or by mailing it to 801 W Division Ave, Orange Texas 77630.

Said    **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on April 17, 2013 in the following styled and numbered cause:

**Cause No: 130109-C**

**Jenny Doe VS. Orangefield Independent School District et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
Benjamin T Landgraf
1250 Wood Branch Park Dr  Suite 625
Houston TX 77079
ISSUED AND GIVEN under my hand and seal of said Court at Orange, Texas, this April 18, 2013.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

_Charlean Lindsey_

---

**RETURN**

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____, M and executed in _____ County, Texas, at _____ o'clock _____ M on the _____ day of _____, 20___ by delivering, in accordance with the requirements of law, to the within named _____
                                                                                                    In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.
        And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

**TOTAL FEES:** _____    **BY:** _____

---

**DO NOT COPY OR ALTER · This document contains security features.**

State of Texas
County of Orange
  I, VICKIE EDGERLY, Clerk of the District Court in
and for Orange County, Texas, do hereby certify
that the above and foregoing is a true and correct
copy of the Original Hereof, as same was filed and
appears of record in my office.
  Witness my official seal and signature of office
in Orange, Texas, this the ___ day of _____ 20 13



          VICKIE EDGERLY
          Clerk of District Court
          of Orange County, Texas
          by

          PAM DAY

# EXHIBIT 2E

CIVIL CITATION - CITCVWD

## THE STATE OF TEXAS

To:   Port Arthur Independent School District
      C/O Johnny Brown
      P O Box 1388
      Port Arthur TX  77641

Defendant, NOTICE:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said ANSWER may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, or by mailing it to 801 W Division Ave, Orange Texas 77630.

Said      **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave,  Orange, Texas on April 17, 2013 in the following styled and numbered cause:

Cause No: 130109-C

Jenny Doe VS. Orangefield Independent School District et al

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
      Benjamin T Landgraf
      1250 Wood Branch Park Dr  Suite 625
      Houston TX  77079

ISSUED AND GIVEN under my hand and seal of said Court at Orange, Texas, this April 18, 2013.

VICKIE EDGERLY, District Clerk
Orange County, Texas

---

**RETURN**

Came to hand on the _____ day of _____, 20___, at _____ o'clock_____, M and executed in _____ _____ County, Texas, at _____ o'clock ___M on the _____ day of _____, 20____ by delivering, in accordance with the requirements of law, to the within named _____ _____ In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

       And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____         BY: _____

DO NOT COPY OR ALTER · This document contains security features.



State of Texas
County of Orange
  I, VICKIE EDGERLY, Clerk of the District Court in
and for Orange County, Texas, do hereby certify
that the above and foregoing is a true and correct
copy of the Original Hereof, as same was filed and
appears of record in my office.
  Witness my official seal and signature of office
in Orange, Texas, this the _6_ day of _may_ _20 13_

     VICKIE EDGERLY
     Clerk of District Court
     of Orange County, Texas
     by
        PAM DAY

# EXHIBIT 2F

CIVIL CITATION - CITCVWD

### THE STATE OF TEXAS

**To:**  Kip Eric McFarlin
1207 S 29th Street
Nederland TX 77627

Defendant, NOTICE:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition; a default judgment may be taken against you.

Said ANSWER may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, or by mailing it to 801 W Division Ave, Orange Texas 77630.

Said    **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange Texas on April 17, 2013 in the following styled and numbered cause:

Cause No: 130109-C

Jenny Doe VS. Orangefield Independent School District et al

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
Benjamin T Landgraf
1250 Wood Branch Park Dr  Suite 625
Houston TX  77079
ISSUED AND GIVEN under my hand and seal of said Court at Orange, Texas, this April 18, 2013.

VICKIE EDGERLY, District Clerk
Orange County, Texas

By _____

**RETURN**

Came to hand on the _____ day of _____, 20 ___, at _____ o'clock ____, M and executed in _____ County, Texas, at _____ o'clock ____ M on the _____ day of _____, 20 ___ by delivering, in accordance with the requirements of law, to the within named _____

_____  In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____

the diligence used to execute being _____

the cause of failure to execute is _____

the defendant may be found _____

TOTAL FEES: _____     BY: _____

DO NOT COPY OR ALTER · This document contains security features.



..ate of Texas
County of Orange

I, VICKIE EDGERLY, Clerk of the District Court in
and for Orange County, Texas, do hereby certify
that the above and foregoing is a true and correct
copy of the Original Hereof, as same was filed and
appears of record in my office.

Witness my official seal and signature of office
in Orange, Texas, this the 6 day of May 20 13

VICKIE EDGERLY
Clerk of District Court
of Orange County, Texas
by

PAM DAY