IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PRISCILLA TRUONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:13-CV-292 (RC) |
| ORANGEFIELD INDEPENDENT | § | |
| SCHOOL DISTRICT, PORT ARTHUR | § | JURY DEMANDED |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| KIP ERIC MCFARLIN, and | § | |
| MICHAEL GENTRY | § | |
| | § | |
| Defendants. | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Priscilla Truong ("Plaintiff"), complaining of Defendants Orangefield Independent School District ("Orangefield"), Port Arthur Independent School District ("Port Arthur"), Kip Eric McFarlin ("McFarlin"), and Michael Gentry ("Gentry") and for causes of action would show the Court the following:

I.

## DISCOVERY

1.     Discovery is expected to be governed by the Court's Order Governing Proceedings, the Federal Rules of Civil Procedure, the Local Civil Rules, and any scheduling orders the Court implements in this case.

II.

## PARTIES

2.      Plaintiff currently resides in Houston, Harris County, Texas. At all relevant times hereto, Plaintiff resided in Jefferson County, Texas.

3.       Defendant Orangefield Independent School District is a political subdivision and agency of the State of Texas, and is located in Orange County, Texas. Orangefield has been served with process in this case.

4.      Defendant Port Arthur Independent School District is a political subdivision and agency of the State of Texas, and is located in Jefferson County, Texas. Port Arthur has been served with process and has answered.

5.      Defendant Kip Eric McFarlin is a resident of Jefferson County, Texas, has been a resident of Texas during all times relevant hereto, and has been served with process and has answered.

6.      Defendant Michael Gentry is a resident of Orange County, Texas, has been a resident of Texas during all times relevant hereto, and can be served with process at 585 Concord Street, Vidor, Texas 77662.

III.

**JURISDICTION**

7.      Plaintiff brings suit for certain causes of action that arise under federal law. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

IV.

**VENUE**

8.      Venue is proper in the United States District Courts for the Eastern District of Texas pursuant to 28 U.S.C.A. § 1391. One or more Defendants reside in this district, and a substantial part of the events or omissions giving rise to this lawsuit occurred in this district.

V.

## SUPERVISORY AUTHORITY

9.      Whenever in this Petition it is alleged that Orangefield or Port Arthur did any act or thing, it is meant that Orangefield or Port Arthur school district employees with supervisory authority did said act or thing.

VI.

## STATEMENT OF FACTS

10.      This case involves the tragic sexual abuse of Plaintiff when she was a 16 year-old student in the Port Arthur Independent School District. Her abuser was her science teacher, 41 year-old Kip McFarlin. McFarlin is a serial predator with a long history of sexual harassment and abuse of students at Southeast Texas schools. Unfortunately, instead of stopping his deviant behavior, school districts simply passed him on to another district when the allegations of abuse became too strong for him to remain at the school. In fact, Defendant Orangefield actually concealed McFarlin's behavior from an inquiring school district, and lied to the district in order to cover up McFarlin's abuses. This lawsuit is brought in part to halt the disgusting "trend" of child abuse in Southeast Texas schools, and the perverse school district culture of aiding and abetting those who abuse.

### A.      "Passing the Trash"[1]

*Little Cypress-Mauriceville CISD*

11.      Defendant Kip McFarlin was a teacher and coach at Little Cypress-Mauriceville High School from August of 1995 to May of 1997. In 1997 McFarlin resigned and went to Nederland ISD, a neighboring school district.

---

[1] "Passing the trash" is a term commonly used by school officials when allowing a teacher accused of sexual abuse to resign in lieu of being fired so that the teacher can obtain employment in a different school district. A letter of recommendation or a "no concerns" referral often is provided by the school to assist the teacher with getting hired elsewhere. *See* Charol Shakeshift & Audrey Cohan, *Sexual Abuse of Students by School Personnel*, 76 Phi Delta Kappan 512, 516 (1995); Diana Jean Schemo, *Silently Shifting Teachers in Sex Abuse Cases*, N.Y. Times, June 18, 2002, at A19.

12.     When the indictment of McFarlin for sexually abusing Plaintiff was reported, a former student of McFarlin's at Little Cypress-Mauriceville revealed that McFarlin sexually harassed numerous girls in her class during the lessons. She disclosed that McFarlin would tell the girls about the size of his penis and offer to take them out "and show them the real world." Further, she relayed that she witnessed McFarlin having sexual intercourse with her friend—a fellow classmate and student of McFarlin's—on the high school campus. She stated that McFarlin's behavior was well known at the school.

*Nederland ISD*

13.     From July of 1997 to May of 2004, McFarlin was employed by Nederland Independent School District as a teacher and coach. In mid-April 2004, McFarlin participated in a conference with school administrators regarding complaints that, among other things, McFarlin was making "inappropriate comments about his 'sex life'" to students. McFarlin acknowledged that he was accused of the same thing the prior year, and denied making the comments. One month later, McFarlin resigned from Nederland, and the district took no further action.

*Orangefield ISD*

14.     McFarlin was then hired by the Orangefield Independent School District, which is adjacent to Nederland. McFarlin's brother-in-law at the time was a coach at Orangefield, and this connection is why McFarlin was provided a job. Orangefield testified in a pre-suit deposition that had it known about the Nederland complaints, it would not have hired McFarlin.

15.     For two years Orangefield employed McFarlin as a teacher and coach at its high school. One year after being hired, McFarlin was accused of acting unprofessionally with and making inappropriate sexual remarks toward female students. Orangefield suspended McFarlin with pay

as a result of these allegations. Orangefield ultimately reinstated him, however, when a student close to McFarlin told the district the other students' accusations were untrue.[2]

16.     Roughly six months after being reinstated, McFarlin was reported to school officials for imminent sexual abuse of a female student. This time, a fellow teacher was notified that McFarlin was staying in town with the student for the holiday weekend to have sex. It turns out that this student was the same one McFarlin used to discredit the previous girls' allegations of misconduct against him. In effect, McFarlin was using one child, whom he was sexually abusing or preparing to abuse, to discredit the other children who complained of his sexual advances.

17.     McFarlin was turned in to the administration, and instead of starting a termination procedure (a process that involves a hearing and option to appeal), then-Superintendent Mike Gentry ordered McFarlin to resign without delay. <u>This order was a deal with McFarlin: Resign now and the matter will not be spoken of again.</u> It was intended to, and did, prevent the latest sexual abuse allegation against McFarlin from being documented, reported, or made public. And it also allowed McFarlin to apply to another school district without having to explain a termination from Orangefield. Not surprisingly, McFarlin resigned that afternoon.

18.     Despite its obligation to do so, Orangefield did not investigate the matter; or notify any law enforcement agencies, the Texas Education Agency, or any subsequent school districts about this incident. To the contrary, Orangefield continued to conceal this incident, including from Port Arthur when Port Arthur inquired about McFarlin prior to hiring him, <u>and lied by saying McFarlin resigned because of a *divorce in the family*.</u> Orangefield's lies constituted actual abetment of McFarlin's predatory behavior.

        *"Cooling off" Jobs*

---

[2] A landmark study of sexual abuse of students by school employees revealed that 92.5% of all student reports of sexual abuse or harassment by teachers turn out to be <u>true</u>. *See* Charol Shakeshift & Audrey Cohan, *Sexual Abuse of Students by School Personnel*, 76 Phi Delta Kappan 512, 516 (1995).

19.     After abruptly resigning, McFarlin worked at a local car dealership and then at an all-male youth corrections facility in Beaumont until the talk about his reputation died down.

*Port Arthur ISD*

20.     Less than two years after leaving Orangefield, McFarlin was hired by Port Arthur ISD, a neighboring school district, as a teacher and coach at Memorial High School.

21.     Port Arthur's director of personnel testified to five things, among others: 1) he had the authority to deny McFarlin's application for employment; 2) he personally conducted the reference and background checks on McFarlin; 3) when he contacted Orangefield regarding McFarlin, Orangefield informed him that it had *no concerns*; 4) during that conversation, Orangefield informed him that McFarlin resigned because of a divorce in the family; and 5) had he been provided with notice of the suspension at Orangefield, he would not have hired McFarlin—in order to protect the Port Arthur students.

22.     However, and with this paragraph pleaded in the alternative, Orangefield's superintendent (at the time of the inquiry by Port Arthur) stated that it was Orangefield policy to disclose suspension documentation to school districts conducting a reference check on former Orangefield teachers. And Orangefield asserts it is not aware of any violation of this policy. Per Orangefield policy then, Port Arthur received the McFarlin suspension documentation during the reference and background check process prior to hiring McFarlin, yet hired him anyway. Stated more succinctly, the director of personnel—who by his own testimony had the requisite authority to prevent McFarlin from ever being employed at Port Arthur—was made aware that McFarlin had been suspended previously at Orangefield for inappropriate sexual behavior with female students, yet hired him anyway notwithstanding the clear danger he posed to the Port Arthur students. This school official's act of hiring McFarlin after knowing of his propensity for

sexually harassing students reflects deliberate indifference to the risk that McFarlin would violate another student's rights. Unfortunately, McFarlin did exactly that.

### a. The Plaintiff

23.     Plaintiff transferred from a private school to Memorial High School in the fall of 2011, and did not know anyone at her new school. McFarlin was her science teacher. Her academic performance, as well as her shyness, were well above average. McFarlin recognized these traits in Plaintiff, and used them to his advantage. Soon after the semester started, McFarlin told Plaintiff to "private message him" on Facebook should she need anything. Knowing McFarlin was a football coach, Plaintiff sent him a Facebook message wishing the team good luck before the first game of the season. McFarlin responded quickly, doting compliments on her. Within hours, his messages to her turned sexual, with him talking about masturbation. He sent her his cell phone number and convinced her to do the same.

24.     At school, McFarlin focused on Plaintiff. He began by complimenting her and giving her preferential treatment during class. He then started asking about her jewelry, and would have her come closer to him so he could look at her necklace. Eventually, he started touching Plaintiff's legs; joking with her and telling her he was interested in her clothing. Outside of school, he would send her Facebook messages and texts, and even came by her house to visit when she was at home alone with an illness.

25.     During a school holiday in September, McFarlin asked Plaintiff to go with him to Pleasure Island—a spit of land in Port Arthur with a golf course and other outdoor activities. While parked in the Pleasure Island parking lot, McFarlin began fondling her.

26.     McFarlin's grooming of Plaintiff ultimately "paid off" when he convinced her to have sexual intercourse with him. On October 3, 2011, McFarlin took Plaintiff back to the Pleasure

Island parking lot, where he had sex with her in his truck. He gave her a teddy bear as well as a card, and told her to think of October 3 as their "first date."

27.     Over the next several months, McFarlin sexually abused Plaintiff numerous times. He would remove Plaintiff from her second period classes and sexually abuse her in his empty classroom.  On one occasion he even took her to the football locker rooms to have sex with her. McFarlin told Plaintiff to think of him as her boyfriend, and told her not to worry about the difference in their age.

28.     A third party's discovery of the texts and Facebook messages is what finally brought McFarlin's abuse to an end. When discovered, Plaintiff's family immediately contacted local law enforcement and Port Arthur. McFarlin was placed on administrative leave with pay by the school district, but yet again resigned without being terminated.

29.     As a result of his sexual abuse of Plaintiff, McFarlin has been indicted in Jefferson County for sexual assault (sexual intercourse with a child) and improper relationship between educator and student—both second degree felonies. He is awaiting trial.

30.     Since the incident, Plaintiff and her family have moved out of the Port Arthur area and are attempting to rebuild their lives.

   *Similar Incidents in Southeast Texas*

31.     The sexual abuse of students by their teachers has become endemic. While certainly not limited to Southeast Texas, student sexual abuse has manifested in grossly disproportionate numbers in this small geographic area. For example, from 2009 to 2012 alone, <u>nine</u> Southeast Texas educators were indicted or convicted of crimes related to sexually abusing their students. Two-thirds of these educators committed the abuse at the school districts that previously

employed McFarlin. In a *single month* in 2009, three teachers in Orange County were suspended for separate incidents of improper relationships with students.

32.     Given the closeness of the community, the small geographic area, the high incidence of sexual abuse, and the prolific media coverage of these incidents, Orangefield and Port Arthur had actual notice of the real threat to their students'—including Plaintiff's— constitutional right to be free from any type of sexual abuse.

33.     And given that the sexual assaults continued and even increased without regard to existing school district written policies, Orangefield and Port Arthur were deliberately indifferent to those students'—including Plaintiff's—rights when they chose not to modify their failing policies to protect the children from harm.

34.     Such modifications would have been simple, easy to implement, and could have prevented or stopped the abuse of Plaintiff. Failure to change existing policies that are glaringly deficient in preventing the exact type of harm known to be rampant is within itself a policy of inadequacy and deliberate indifference.

VII.

**CAUSES OF ACTION**

COUNT 1
**Orangefield Independent School District**

**Violation of 42 U.S.C. § 1983**

35.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of Counts 2 and 2A, which are pleaded to support Plaintiff's causes of action against Port Arthur.

36.     Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

37.     Orangefield, through its employees with supervisory authority, was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Plaintiff's—rights, which proximately caused Plaintiff's injuries and resulting damages.

38.     To be sure, Orangefield violated 42 U.S.C. § 1983 in the following ways, among others:

- It purposely misled Port Arthur by stating it had no concerns during an inquiry about McFarlin's past at Orangefield. It did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children;

- It withheld the documentation demonstrating McFarlin's suspension for sexual harassment of children. It did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from harassing or abusing children;

- It fraudulently concealed the reason for McFarlin's abrupt resignation, which was due to concrete allegations of imminent sexual abuse of a child. It did so by choosing not to document the incident, choosing not to contact law enforcement, choosing not to notify the Texas Education Agency, and choosing not to disclose and actually hiding the incident from Port Arthur. It did so also knowing McFarlin would seek employment at another school district. Indeed, getting McFarlin hired elsewhere was a purpose of Orangefield's concealment. And it did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was

obviously necessary to prevent McFarlin from abusing children. It had both a legal and a moral obligation to take each aforementioned action, yet it simply swept the incident under the rug;

- When directly asked, it lied to Port Arthur about the purpose of McFarlin's resignation by stating that he left due to a divorce in the family. It did so knowing he left due to concrete allegations of imminent sexual abuse of a child. It did so also knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children; and

- It failed to notify, at any time, Port Arthur, law enforcement, or the Texas Education Agency of McFarlin's sexually deviant behavior with children at Orangefield. This violation constitutes a continuing tort. It did so knowing McFarlin was employed as a teacher of children at Port Arthur and knowing that notification would prevent McFarlin from abusing children. Indeed, Orangefield testified that it would not employ McFarlin based solely on the complaints from Nederland. From August of 2008 onward, Orangefield had actual notice that McFarlin was going to be employed or was employed at Port Arthur, yet it concealed the allegations of sexual abuse during this entire time thus allowing McFarlin to abuse Plaintiff.

39.    Orangefield's actions and inactions constituted policies of the school district and reflected deliberate indifference to the civil rights of Plaintiff.

40.    Orangefield's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

COUNT 1A
**Orangefield Independent School District**

**Violation of the Implied Cause of Action Arising Under Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681, et seq.)**

41.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of Counts 2 and 2A, which are pleaded to support Plaintiff's causes of action against Port Arthur.

42.     Defendant Orangefield is a recipient of federal financial assistance, and is obligated under Title IX of the Education Amendments of 1972 to protect students from sex discrimination, which includes sexual abuse and harassment.

43.     Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

44.     Orangefield, through its employees with supervisory authority, was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Plaintiff's—rights, which proximately caused Plaintiff's injuries and resulting damages.

45.     To be sure, Orangefield violated Title IX in the following ways, among others:

- It purposely misled Port Arthur by stating it had no concerns during an inquiry about McFarlin's past at Orangefield. It did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children;

- It withheld the documentation demonstrating McFarlin's suspension for sexual harassment of children. It did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from harassing or abusing children;

- It fraudulently concealed the reason for McFarlin's abrupt resignation, which was due to concrete allegations of imminent sexual abuse of a child. It did so by choosing not to document the incident, choosing not to contact law enforcement, choosing not to notify the Texas Education Agency, and choosing not to disclose and actually hiding the incident from Port Arthur. It did so also knowing McFarlin would seek employment at another school district. Indeed, getting McFarlin hired elsewhere was a purpose of Orangefield's concealment. And it did so knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children. It had both a legal and a moral obligation to take each aforementioned action, yet it simply swept the incident under the rug;

- When directly asked, it lied to Port Arthur about the purpose of McFarlin's resignation by stating that he left due to a divorce in the family. It did so knowing he left due to concrete allegations of imminent sexual abuse of a child. It did so also knowing Port Arthur was inquiring for the purpose of hiring McFarlin to be around children and knowing that disclosure was obviously necessary to prevent McFarlin from abusing children; and

- It failed to notify, at any time, Port Arthur, law enforcement, or the Texas Education Agency of McFarlin's sexually deviant behavior with children at Orangefield. This violation constitutes a continuing tort. It did so knowing McFarlin was employed as a teacher of children at Port Arthur and knowing that notification would prevent McFarlin from abusing children. Indeed, Orangefield testified that it would not employ McFarlin based solely on the complaints from Nederland. From August of 2008 onward, Orangefield had actual notice that McFarlin was going to be employed or was employed

at Port Arthur, yet it concealed the allegations of sexual abuse during this entire time thus allowing McFarlin to abuse Plaintiff.

46.     Port Arthur's actions and omissions were taken by an official of the school district who had supervisory authority, who had actual notice of McFarlin's sexual behavior toward students, and yet was deliberately indifferent to McFarlin's misconduct.

47.     Orangefield's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

COUNT 2
**Port Arthur Independent School District**

**<u>Violation of 42 U.S.C. § 1983</u>**

48.     Plaintiff pleads Count 2 in the alternative to Counts 1 and 1A, and incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of the paragraphs that are pleaded to support Plaintiff's cause of action against Orangefield.

49.     Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

50.     Port Arthur, through its employees with supervisory authority, was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Plaintiff's—rights, which proximately caused Plaintiff's injuries and resulting damages.

51.     To be sure, Port Arthur violated 42 U.S.C. § 1983 in the following way, among others:

- It hired McFarlin as a teacher of children after it received notice that McFarlin was previously suspended for sexual harassment of children. It did so despite knowing that refusing to hire McFarlin would prevent McFarlin from abusing children at Port Arthur.

14

- In the face of an increasing incidence of sexual harassment and abuse around and within Port Arthur, which demonstrated a clear failure of existing policies, it failed to create new policies, or reinforce existing policies, to prevent the harassment and abuse.

52.     In the alternative to the preceding paragraph and all preceding paragraphs that are contrary to this paragraph, Plaintiff asserts that Port Arthur was willfully blind to the evidence that McFarlin posed a danger to children, and employed McFarlin despite its conscious avoidance of McFarlin's past. Numerous "flags" were raised about McFarlin that should have prompted Port Arthur to investigate further, including McFarlin's resignation from three separate teaching positions in a four-year span; a same-day resignation from Orangefield; recent employment at a youth prison despite being qualified to work at a public school; recent employment at a car dealership despite being licensed as a child educator; and inconsistencies in the written reasons McFarlin gave for leaving Orangefield on his employment applications.  In the face of these warning signs, Port Arthur did not inquire further because it was afraid of what the inquiry would yield.

53.     Port Arthur's actions and inactions constituted policies of the school district and reflected deliberate indifference to the civil rights of Plaintiff.

54.     Port Arthur's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

COUNT 2A
**Port Arthur Independent School District**

**Violation of the Implied Cause of Action Arising Under Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681, et seq.)**

55.    Plaintiff pleads Count 2A in the alternative to Counts 1 and 1A, and incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of the paragraphs that are pleaded to support Plaintiff's cause of action against Orangefield.

56.    Defendant Port Arthur is a recipient of federal financial assistance, and is obligated under Title IX of the Education Amendments of 1972 to protect its students from sex discrimination, which includes sexual abuse and harassment.

57.    Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

58.    Port Arthur, through its employees with supervisory authority, was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Plaintiff's—rights, which proximately caused Plaintiff's injuries and resulting damages.

59.    To be sure, Port Arthur violated Title IX in the following way, among others:

- It hired McFarlin as a teacher of children after it received notice that McFarlin was previously suspended for sexual harassment of children. It did so despite knowing that refusing to hire McFarlin would prevent McFarlin from abusing children at Port Arthur.

- In the face of an increasing incidence of sexual harassment and abuse around and within Port Arthur, which demonstrated a clear failure of existing policies, it failed to create new policies, or reinforce existing policies, to prevent the harassment and abuse.

60.    In the alternative to the preceding paragraph and all preceding paragraphs that are contrary to this paragraph, Plaintiff asserts that Port Arthur was willfully blind to the evidence that McFarlin posed a danger to children, and employed McFarlin despite its conscious avoidance of McFarlin's past. Numerous "flags" were raised about McFarlin that should have

prompted Port Arthur to investigate further, including McFarlin's resignation from three separate teaching positions in a four-year span; a same-day resignation from Orangefield; recent employment at a youth prison despite being qualified to work at a public school; recent employment at a car dealership despite being licensed as a child educator; and inconsistencies in the written reasons McFarlin gave for leaving Orangefield on his employment applications.  In the face of these warning signs, Port Arthur did not inquire further because it was afraid of what the inquiry would yield.

61.     Port Arthur's actions and omissions were taken by an official of the school district who had supervisory authority, who had actual notice of McFarlin's sexual behavior toward students, and yet was deliberately indifferent to McFarlin's misconduct.

62.     Port Arthur's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

COUNT 3
**Kip Eric McFarlin**

**Assault and Battery**

63.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

64.     Defendant Kip McFarlin intentionally and/or knowingly touched Plaintiff, a minor unable to legally consent, in an offensive manner.

65.     McFarlin intentionally and/or knowingly caused the penetration of the sexual organ of Plaintiff who was a child (as defined in Texas Penal Code § 22.011(c)(1)).

66.     McFarlin's conduct proximately caused Plaintiff's injuries and resulting damages.

COUNT 4
**Michael Gentry**

**Violation of 42 U.S.C. § 1983** (brought against him in his individual capacity)

67.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below, with the exception of those paragraphs that are pleaded to support Plaintiff's causes of action against Port Arthur.

68.     Plaintiff, as a student, has a recognized liberty interest in her bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. The sexual abuse by Kip McFarlin, a school employee, violated that right.

69.     Gentry, as superintendent of Orangefield during McFarlin's employment with the district, was a school official who was aware of McFarlin's sexual harassment and abuse of students, yet was deliberately indifferent to students'—including Plaintiff's—rights by concealing McFarlin's deviant behavior, which proximately caused Plaintiff's constitutional injuries and resulting damages.

70.     To be sure, Gentry violated 42 U.S.C. § 1983 in the following ways, among others:

- He entered into an agreement with McFarlin that allowed McFarlin to resign for the purpose of concealing his sexually predatory behavior from future school districts who might hire him. Gentry took this action fully aware of the complaints about McFarlin's sexual harassment of students, and fully aware that he had previously suspended McFarlin for this deviant behavior. In effect, Gentry traded silence both then and in the future for McFarlin's agreement to leave the district and apply for a teaching position elsewhere. Gentry took this action knowing that the next school district would not hire McFarlin if Gentry terminated him. And he took this action knowing that exposing McFarlin, through termination, reporting him, or by directly contacting future school districts, was obviously needed to prevent McFarlin from abusing other students. Yet he

did none of these things, and he knowingly aided McFarlin's predatory tendencies by staying silent; and

- He purposely failed to contact law enforcement, the Texas Education Agency, the Texas Department of Family and Protective Services, or any other relevant entity to report McFarlin, even though he knew reporting McFarlin to any of these entities was obviously needed to prevent McFarlin from abusing other students.

71.    Gentry's deliberate indifference proximately caused Plaintiff's injuries and resulting damages.

VIII.

**ATTORNEYS' FEES**

72.    Defendants' conduct as described in this Petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the undersigned counsel. Plaintiff is, therefore, entitled to recover from Defendant Orangefield and Defendant Port Arthur an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts. In this regard, Plaintiff claims entitlement to attorneys' fees and costs under the fee-shifting provisions of 42 U.S.C. § 1988.

IX.

**DAMAGES**

**Orangefield Independent School District**

73.    Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

74.    Plaintiff seeks the following damages from Defendant Orangefield:

   o  Past and future pain and suffering;

19

o Past and future mental anguish;

o Past and future medical, psychiatric, psychological, and therapeutic expenses that have been or are reasonably likely to be incurred;

o Pre-judgment and post-judgment interest;

o Exemplary damages (including but not limited to damages allowed under sections 41.008(c) of the Texas Civil Practice and Remedies Code);

o Injunction requiring Orangefield to implement new policies to prevent sexual abuse and harassment of students;

o Attorneys' fees pursuant to 42 U.S.C. § 1988; and

o Any other damages allowed under the law and proved in the trial of this case.

### Port Arthur Independent School District

75.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

76.     Plaintiff seeks the following damages from Defendant Port Arthur:

o Past and future pain and suffering;

o Past and future mental anguish;

o Past and future medical, psychiatric, psychological, and therapeutic expenses that have been or are reasonably likely to be incurred;

o Pre-judgment and post-judgment interest;

o Exemplary damages (including but not limited to damages allowed under sections 41.008(c) of the Texas Civil Practice and Remedies Code);

o Injunction requiring Port Arthur to implement new policies to prevent sexual abuse and harassment of students;

o Attorneys' fees pursuant to 42 U.S.C. § 1988; and

o Any other damages allowed under the law and proved in the trial of this case.

### Kip Eric McFarlin

77.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

78.     Plaintiff seeks the following damages from Defendant McFarlin:

       o   Past and future pain and suffering;

       o   Past and future mental anguish;

       o   Past and future medical, psychiatric, psychological, and therapeutic expenses that have been or are reasonably likely to be incurred;

       o   Pre-judgment and post-judgment interest;

       o   Exemplary damages (including but not limited to damages allowed under section 41.008(c) of the Texas Civil Practice and Remedies Code);

       o   Attorneys' fees pursuant to 42 U.S.C. § 1988; and

       o   Any other damages allowed under the law and proved in the trial of this case.

**Michael Gentry**

79.     Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

80.     Plaintiff seeks the following damages from Defendant Gentry:

       o   Past and future pain and suffering;

       o   Past and future mental anguish;

       o   Past and future medical, psychiatric, psychological, and therapeutic expenses that have been or are reasonably likely to be incurred;

       o   Pre-judgment and post-judgment interest;

       o   Exemplary damages (including but not limited to damages allowed under sections 41.008(c) of the Texas Civil Practice and Remedies Code);

       o   Attorneys' fees pursuant to 42 U.S.C. § 1988; and

       o   Any other damages allowed under the law and proved in the trial of this case.

X.

**<u>CONDITIONS PRECEDENT</u>**

81.    All conditions precedent to the Defendants' liability and Plaintiff's right to recover have occurred or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Orangefield Independent School District, Port Arthur Independent School District, and Kip Eric McFarlin and Michael Gentry be cited to appear and answer, and that on final trial, Plaintiff is awarded:

A    Judgment against Defendants for actual damages, with prejudgment and post judgment interest at the maximum lawful rate beginning as soon as the current law permits;

B    Court costs;

C    Exemplary damages (including but not limited to damages allowed under section 41.008(c) of the Texas Civil Practice and Remedies Code);

D    Injunction requiring the Defendant school districts to implement new policies to prevent sexual abuse and harassment of students;

E    Attorneys' fees pursuant to 42 U.S.C. § 1988; and

F    Further relief, special and general, at law and in equity, to which Plaintiff may show herself justly entitled.

## PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

McGEHEE  ✫  CHANG, BARNES

_____/s/ Jack. E. McGehee_____
Jack E. McGehee  TBN 13623700 (lead attorney)
jmcgehee@lawtx.com
H. C. Chang  TBN 24031930
hcchang@lawtx.com
Stephen A. Barnes  TBN 24066953
sbarnes@lawtx.com
Benjamin T. Landgraf  TBN 24072199

blandgraf@lawtx.com
1250 Wood Branch Park Dr., Suite 625
Houston, Texas 77079
(713) 864-4000
(713) 868-9393 fax
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of this document has been provided to all parties or their counsel of record in accordance with Fed. R. Civ. P. 5 and Local Civil Rule CV-5.

/s/ Jack E. McGehee
Jack E. McGehee

James E. Byrom                              *Via Electronic Service*
Jesse M. Blakley, Jr.
Walsh, Anderson, Gallegos, Green & Trevino, P.C.
10375 Richmond Ave., Suite 750
Houston, Texas 77042-4196
*Attorneys for Orangefield Independent School District*

Melody G. Chappell                          *Via Electronic Service*
Wells, Peyton, Greenberg & Hunt, L.L.P.
550 Fannin, Suite 600
Beaumont, Texas 77701
*Attorney for Port Arthur Independent School District*

Greg M. Dykeman                             *Via Electronic Service*
Strong Pipkin Bissell & Ledyard, LLP
595 Orleans, Suite 1400
Beaumont, Texas 77701
*Attorney for Defendant Kip Eric McFarlin*