UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PRISCILLA TRUONG, | § | |
|     Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:13-CV-292-RC |
| | § | |
| ORANGEFIELD INDEPENDENT | § | |
| SCHOOL DISTRICT, PORT ARTHUR | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| KIP ERIC MCFARLIN, and MICHAEL | § | |
| GENTRY, | § | |
|     Defendants. | § | |

**DEFENDANT ORANGEFIELD INDEPENDENT SCHOOL DISTRICT'S
FIRST SUPPLEMENTAL MOTION TO DISMISS**

    NOW COMES Defendant Orangefield Independent School District ("Orangefield ISD" or the "District") and files this First Supplemental Motion to Dismiss. In support of its Motion, Orangefield ISD shows the Court as follows:

**I. NATURE AND STAGE OF PROCEEDING**

1.    Plaintiff, a former Port Arthur Independent School District ("Port Arthur ISD") student, filed suit under 42 U.S.C. section 1983 against Orangefield ISD, alleging violations of her liberty interest in her bodily integrity protected by the Fourteenth Amendment. (Docket Entry ("D.E.") 1-2, p. 18, at ¶ 35).

2.    On May 15, 2013, Orangefield ISD filed a Motion to Dismiss Plaintiff's Section 1983 claim against Orangefield ISD. (D.E. 3). Plaintiff then filed a Motion for Leave to assert a Title IX claim against Orangefield ISD. (D.E. 13).

1

3. On August 22, 2013, the Court granted Plaintiff's Motion for Leave. (D.E. 28). Orangefield ISD now files this First Supplemental Motion to Dismiss Plaintiff's Title IX claim against the District.[1]

## II. STATEMENT OF THE ISSUES

4. Pursuant to Local Rule CV-7(a)(1), Orangefield ISD presents the following Statement of the Issues:

   A. Plaintiff's Title IX claim should be dismissed for failing to plead facts showing that Orangefield ISD retained substantial control or authority over (1) McFarlin or (2) the environment at Port Arthur ISD at the time of Plaintiff's alleged abuse.

   B. Plaintiff's Title IX claim should be dismissed for failing to plead facts showing that any Orangefield ISD official acted with deliberate indifference.

## III. SUPPLEMENTAL MOTION TO DISMISS

5. Plaintiff's Title IX claim against Orangefield ISD has no basis in law and is subject to dismissal pursuant to Rule 12(b)(6). Title IX provides, in pertinent part, that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A Title IX plaintiff may not recover damages caused by a teacher's sexual abuse of a student "unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." *Gebser v. Lago Vista Indep. Sch. Dist.*,

---

[1] Plaintiff's Second Amended Complaint makes no changes to her factual allegations or Section 1983 claim against Orangefield ISD. Thus, Orangefield ISD stands upon its Motion to Dismiss (D.E. 3) with respect to Plaintiff's Section 1983 claim against it.

524 U.S. 274, 290 118 S.Ct. 1989, 1999 (1998).

6.     Plaintiff bases her Title IX claim against Orangefield ISD on alleged acts and omissions that occurred several years prior to Plaintiff's alleged abuse at Port Arthur ISD. (D.E. 14, at ¶ 45). Plaintiff contends that the District's handling of McFarlin's resignation from Orangefield ISD and subsequent hiring at Port Arthur ISD subjects Orangefield ISD to liability under Title IX. (D.E. 14, at ¶ 45). For the reasons discussed below, Plaintiff fails to plead a Title IX claim against Orangefield ISD.

**A.     Plaintiff fails to plead that Orangefield ISD had substantial control or authority over McFarlin.**

7.     Taking Plaintiff's allegations as true for the purpose of this Motion, Plaintiff fails to allege facts showing that an Orangefield ISD official with supervisory authority to institute corrective measures had actual notice of, and was deliberately indifferent to, Plaintiff's alleged abuse. *Gebser*, 524 U.S. at 290. Title IX requires that the harassment occur "under" "the operations of" a funding recipient. 20 U.S.C. § 1681(a). The Supreme Court interprets this language to mean that "the harassment must take place in a context subject to the school district's control." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 645, 119 S.Ct. 1661, 1673 (1999). Accordingly, a funding recipient's Title IX liability is limited to "circumstances wherein the recipient **exercises substantial control over both the harasser and the context in which the known harassment occurs**." *Id.* (emphasis added). In other words, "[a] recipient cannot be directly liable for its indifference where it lacks the authority to take remedial action." *Id.* at 644; *see also Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 401 (5th Cir. 1996) (stating that an official must have authority over the actor, including "the power to hire, fire, or discipline").

8.     Plaintiff contends that Orangefield ISD employees' handling of McFarlin's resignation and subsequent hiring at Port Arthur ISD several years before Plaintiff's alleged injury supports her Title IX claim despite the fact that Plaintiff's claim concerns the alleged abuse of *a Port Arthur ISD student* that occurred *at Port Arthur ISD* while McFarlin was employed *by Port Arthur ISD*. (D.E. 13, at ¶¶ 10-14).  Plaintiff may not assert a Title IX claim against Orangefield ISD on this basis.

9.     Plaintiff seeks to hold Orangefield ISD liable for alleged harassment that occurred at a time when Orangefield ISD officials had *no authority* over McFarlin.  In fact, no Orangefield ISD official had any control over McFarlin for *five years* prior to Plaintiff's claimed abuse. (D.E. 14, at ¶¶ 14-18, 20-26).  Title IX does not permit liability against a school district in this situation.  If it did, students would be permitted, without limitation, to pursue Title IX claims against former employers of school district employees accused of harassment no matter the time, distance, or intervening events that separate the harasser's employment.  Further, Plaintiff pleads no facts suggesting that Orangefield ISD somehow retained control over McFarlin while he was employed by Port Arthur ISD.  Thus, Orangefield ISD cannot be liable under Title IX for Plaintiff's alleged abuse.

10.    Even if Plaintiff could show that Orangefield ISD had some authority over McFarlin when he allegedly abused Plaintiff, she has not pled and cannot prove that Orangefield ISD controlled Port Arthur ISD campuses and operations.  *Davis*, 526 U.S. at 644.  Plaintiff must plead and prove that Orangefield ISD controlled the "environment" in which the harassment involving Plaintiff occurred.  *Id.*  In other words, to permit Plaintiff to assert a Title IX claim against Orangefield ISD, Orangefield ISD officials must have been charged with maintaining

and supervising the environment *at Port Arthur ISD*. Plaintiff pleads no facts to support this unprecedented conclusion.

11.   In addition, at least one court within the Fifth Circuit has addressed this issue. In a factually indistinguishable case, the Northern District of Texas found that a harasser's former employer could not be liable to a student harmed by the harasser while employed by a different school district. *Doe v. Bridgeport Indep. Sch. Dist.*, No. 3:94-CV-1889-D, 1996 WL 734949 (N.D. Tex. Dec. 11, 1996). In *Bridgeport*, a Bridgeport Independent School District student and her mother brought a Title IX claim against Somerset Independent School District, which formerly employed a band director who allegedly sexually abused the student at Bridgeport ISD. *Id.* at *1. The student claimed that while employed by Somerset ISD, the band director engaged in inappropriate sexual contact with at least three female students. *Id.* The student claimed that Somerset ISD officials knew of this conduct yet did not investigate, report, or correct the situation. *Id.* Similar to Plaintiff's Second Amended Complaint, the student contended that had the band director been reported, Bridgeport ISD never would have employed him. *Id.*

12.   The court found that the student's pleadings failed to state a Title IX claim against Somerset ISD. *Id.* The court applied the following reasoning:

> Under the facts as alleged in plaintiff's complaint, a management-level employee of SISD was not placed on notice of [the band director's] conduct *at Bridgeport Middle School*. This SISD employee must have had some authority over [the band director], including, perhaps, the power to hire, fire, or discipline. As a matter of law, SISD cannot be held liable pursuant to Title IX for the conduct of [the band director] while employed by BISD.

*Id.* (emphasis in original) (internal citations and quotations omitted).

13.   In addition, to the extent Plaintiff seeks to impose Title IX liability against Orangefield

5

ISD for any alleged harassment that occurred at Orangefield ISD, (1) she does not have standing to do so, and (2) the statute of limitations for such a claim has passed. Plaintiff alleges that McFarlin made inappropriate comments to *Orangefield ISD* students in 2005 and planned to sexually abuse an *Orangefield ISD* student in 2006. (D.E. 14, at ¶¶ 15-16). To the extent Plaintiff seeks to recover under Title IX for the alleged harassment of these students, she does not have standing to assert such claims on their behalf. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 251 (5th Cir. 1997). Even if Plaintiff did have standing to assert claims on behalf of the unidentified Orangefield ISD students for the 2005 and 2006 alleged incidents, the two-year statute of limitations for such claims has long run. *See Morales v. Corinthian Colleges, Inc.*, No. SA11-CV-00947-DAE, 2013 WL 3994643, at *10 (W.D. Tex. Aug. 2, 2013); *Maltbia v. Coffie*, No. H-06-834, 2007 WL 43793, at *2 (S.D. Tex. Jan. 5, 2007).

14. Without alleging any facts showing that Orangefield ISD exercised substantial control or authority over McFarlin or the environment at Port Arthur ISD, Plaintiff fails to allege a Title IX claim against the District.

**B.    Holdings in factually indistinguishable cases outside the Fifth Circuit also do not permit Title IX liability against former employers for harassment in another district.**

15. In addition to the Northern District of Texas's opinion in *Bridgeport*, courts in at least two circuits outside the Fifth Circuit have held that former employers cannot be liable under Title IX for sexual abuse of a student in another school district. *See Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 512-13 (7th Cir. 2010); *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 775-77 (8th Cir. 2001).

16. In a factually analogous case, the Seventh Circuit held that a school district that formerly

employed a teacher who later sexually abused a student at a different school district could not be liable under Title IX. *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 512-13 (7th Cir. 2010). The actor in *Doe-2* was alleged to have sexually abused students while employed by McLean County. *Id.* at 509. The teacher was later hired by Urbana County, where he sexually abused the plaintiff. *Id.* The plaintiff, an Urbana County student, asserted a Title IX claim against McLean County. *Id.* The plaintiff contended that McLean County officials knew about the teacher's actions at McLean County but nevertheless "intentionally concealed" the sexual abuse by allowing the teacher to quietly resign and providing him with a positive letter of recommendation. *Id.* at 510. Like Plaintiff in this case, the plaintiff asserted that these acts and omissions amounted to deliberate indifference to her sexual harassment at Urbana County. *Id.*

17. The Seventh Circuit affirmed the dismissal of the plaintiff's Title IX claim under Rule 12(b)(6). *Id.* at 513. The court reasoned that even if the McLean County officials had actual awareness of the harassment in Urbana County, the teacher "harassed Doe-2 in Urbana several months after he left the McLean County School District, *meaning that [the McLean County officials] lacked 'authority to take remedial action*.'" *Id.* at 512-13 (quoting *Davis*, 526 U.S. at 644) (emphasis added).

18. The Eighth Circuit reached the same conclusion in *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 775-77 (8th Cir. 2001). In *Shrum*, a Nebraska teacher resigned after being investigated for allegedly touching female students at school. *Id*. at 775. The teacher entered into a confidential agreement with the district under which he would voluntarily resign in return for a positive letter of recommendation. *Id.* at 776. Shortly after resigning and beginning his employment with a Texas school district, the teacher sexually abused a student at his new school district. *Id.* at 776-

17. The student asserted a Title IX claim against the teacher's former school district. *Id.* at 777. Like the Seventh Circuit in *Doe-2*, the Eighth Circuit held that at the time of the plaintiff's harassment, the former school district possessed no "substantial control" over the teacher, and therefore, could not be liable under Title IX. *Id.* at 782.

19. The cases discussed above further confirm that Plaintiff cannot assert a Title IX claim against Orangefield ISD.

**C.     Plaintiff pleads no deliberate indifference on the part of Orangefield ISD officials.**

20. Even if Plaintiff's Second Amended Complaint is construed to allege that Orangefield ISD exercised control over McFarlin, Plaintiff nevertheless alleges no deliberate indifference on the part of Orangefield ISD officials. Deliberate indifference under Title IX is "an official decision by the recipient not to remedy the violation." *Gebser*, 524 U.S. at 290; *see also Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998) (stating that Title IX's deliberate indifference standard is a "high one"). More specifically, the Fifth Circuit has held that "[a]ctions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Doe v. Dallas ISD*, 153 F.3d at 219.

21. Here, Plaintiff alleges that Orangefield ISD suspended McFarlin in 2005 when he was accused of "acting unprofessionally with and making inappropriate sexual remarks toward female students." (D.E. 14, at ¶ 15). Then, according to Plaintiff, when "imminent sexual abuse of a female student" by McFarlin was reported to school officials in 2006, "then-Superintendent Mike Gentry ordered McFarlin to resign without delay." (D.E. 14, at ¶ 16). While the above allegation related to 2006 is denied, the actions allegedly taken by Orangefield ISD officials show that they did not act with deliberate indifference.

22. The Fifth Circuit has held that officials do not act with deliberate indifference when they respond to a risk of harm, even if the harm was not averted. *Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000). In *Doe v. Dallas ISD*, a principal notified of teacher-student abuse conducted an investigation and incorrectly determined that no abuse had occurred. *Id.* at 388. When another student asserted a Title IX claim against the school district after subsequently being abused by the same teacher, the Fifth Circuit held that, because he investigated the initial report, the principal did not act with deliberate indifference. *Id.*

23. Plaintiff claims here that McFarlin was ordered to resign immediately when it was reported to Orangefield ISD officials that McFarlin planned to sexually abuse a student. (D.E. 14, at ¶ 16). Even though denied, this action cannot be construed as "an official decision [by Orangefield ISD] not to remedy the violation." *Gebser*, 524 U.S. at 290. Rather, Plaintiff has alleged facts showing that Orangefield ISD's response averted a potential harm to an Orangefield ISD student. *See Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 64 n.3, 112 S.Ct. 1028 (1992) (referencing Department of Education's conclusion that a school district acts in compliance with Title IX when an employee resigns after an accusation of abuse). Title IX liability is premised on efforts to stop harassment within a school district once an official receives actual notice of the harassment. *See Alegria v. Tex.*, No. G-06-0212, 2007 WL 3256586, at *8 (S.D. Tex. Nov. 2, 2007), *aff'd*, 314 Fed.Appx. 687 (5th Cir. 2009). Thus, when school officials conduct an investigation that leads to an accused teacher resigning, the officials do not act with deliberate indifference. *Id.* (finding that no Title IX fact issue existed where official confronted accused harasser and allowed him to resign).

24. Accordingly, Plaintiff fails to allege facts showing that Orangefield ISD officials were

deliberately indifferent to the alleged accusations against McFarlin while employed by Orangefield ISD.

## IV.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Orangefield Independent School District urges this Court to deny Plaintiff any and all relief demanded against Orangefield ISD in her Second Amended Complaint.  Further, Orangefield ISD prays its Motion to Dismiss and First Supplemental Motion to Dismiss be granted with prejudice, and that it be ordered that Plaintiff take nothing by this suit.  Orangefield ISD also requests an award of reasonable attorneys' fees and costs of suit.  Finally, Orangefield ISD requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone:  (713) 789-6864
Facsimile:  (713) 789-9318
Email:  jbyrom@wabsa.com

By: */s/     James E. Byrom*
     JAMES E. BYROM
     State Bar No. 03568100
     JESSE M. BLAKLEY
     State Bar No. 24060952

ATTORNEYS FOR DEFENDANT
ORANGEFIELD INDEPENDENT
SCHOOL DISTRICT

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2013, a true and correct copy of the foregoing was served upon Plaintiff and Defendants Port Arthur ISD and Kip McFarlin as follows:

| | |
|---|---|
| Jack E. McGehee<br>Benjamin T. Landgraf<br>1250 Wood Branch Park Dr.<br>Suite 625<br>Houston, Texas 77079<br>Phone: (713) 864-4000<br>Facsimile: (713) 868-9393<br>ATTORNEYS FOR PLAINTIFF | *Via Electronic Case Filing* |
| Melody Chappell<br>Wells, Peyton, Greenberg & Hunt, L.L.P.<br>550 Fannin, Suite 600<br>Beaumont, Texas 77701<br>Phone: (409) 838-2644<br>Facsimile: (409) 838-4713<br>ATTORNEY FOR DEFENDANT<br>PORT ARTHUR INDEPENDENT<br>SCHOOL DISTRICT | *Via Electronic Case Filing* |
| Greg M. Dykeman<br>Stacie Augustine<br>Strong Pipkin Bissell & Ledyard, LLP<br>595 Orleans, Suite 1400<br>Beaumont, TX  77701<br>Phone: (409) 981-1120<br>Facsimile: (409) 981-1010<br>ATTORNEY FOR DEFENDANT<br>KIP ERIC MCFARLIN | *Via Electronic Case Filing* |

                                        */s/    James E. Byrom*
                                        James E. Byrom