** NOT PRINTED FOR PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PRISCILLA TRUONG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1-13-CV-292 |
| v. | § | |
| | § | JUDGE RON CLARK |
| ORANGEFIELD INDEPENDENT SCHOOL | § | |
| DISTRICT, et al., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING ORANGEFIELD INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS

Defendant Orangefield Independent School District (OISD) moved to dismiss all claims against it. [Doc. ## 3, 30].  Having considered the arguments of the parties and for the reasons stated below, the court GRANTS Defendant OISD's motions.  Plaintiff's claims under 42 U.S.C. § 1983 and Title IX are DISMISSED.

## I.      Background

Plaintiff, a 16-year-old minor during the relevant period, alleges that Defendant Kip McFarlin, one of her teachers, sexually assaulted her on numerous occasions.  Plaintiff was a junior at Port Arthur Independent School District (PAISD) when the alleged assaults occurred. Defendant PAISD employed Defendant McFarlin at the time of the alleged sexual assaults.  Prior to his employment at PAISD, Defendant McFarlin was employed by Defendant OISD.  Plaintiff alleges Defendant McFarlin engaged in other instances of sexual abuse of students while teaching for Defendant OISD and that Defendant OISD failed to warn Defendant PAISD of these incidents.  In the alternative, Plaintiff pleads PAISD ignored OISD's warnings in hiring

Defendant McFarlin.  Plaintiff originally filed in state court, asserting claims under 42 U.S.C. §

1983 against both Defendants PAISD and OISD and state law assault and battery claims against

Defendant McFarlin.  Defendants removed to federal court.  Plaintiff amended her complaint to

include Title IX claims against Defendants PAISD and OISD, as well as claim against Michael

Gentry, former superintendent of OISD, in his individual capacity under 42 U.S.C. § 1983.

## II.      Applicable Law

A.  <u>Standard For A Motion To Dismiss Under Rule 12(b)(6)</u>

A party may move the court to dismiss an action for "failure to state a claim upon which

relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On motion under Rule 12(b)(6), the court must

decide whether the facts alleged in the complaint, if true, would plausibly entitle the plaintiff to

some legal remedy.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950 (2009);

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  When ruling on a

Rule 12(b)(6) motion to dismiss, the court generally may rely on the plaintiff's complaint and

any proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

When evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as

true, reviewing them in the light most favorable to the plaintiff.  *Sanders-Burns v. City of Plano*,

594 F.3d 366, 372 (5th Cir. 2010) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th

Cir. 1995)).  However, the court need not accept as true legal conclusions couched as factual

allegations. *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1949-50.  The factual allegations in the

complaint must be enough to raise a right to relief above the speculative level.  *Twombly*, 550

U.S. at 555, 127 S. Ct. at 1964-65.  "Threadbare recitals of the elements of a cause of action

supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 663, 129 S. Ct. at

1949.

2

B.  Requirements For A Claim Under 42 U.S.C. § 1983

In order for a municipality[1] to be liable under 42 U.S.C. § 1983, the plaintiff must

establish "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights

whose 'moving force' is the policy or custom.'"  *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d

244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.

2001)).  The policymaker must be one with the authority to make final decisions regarding

policy.  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 926 (1988).  In Texas,

the only policy maker for a school district is the Board of Trustees.  Tex. Educ. Code. §

11.151(b); *Rivera*, 349 F.3d at 247.  "'Policy' consists of a 'policy statement, ordinance,

regulation, or decision officially adopted and promulgated by that body's officers.'"  *Gonzalez v.*

*Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 753 (5th Cir. 1993) (quoting *Monell v. Dep't of Soc.*

*Servs.*,436 U.S. 658, 690; 98 S. Ct. 2018, 2036 (1978)).

C.  Requirements For A Claim Under Title IX

A federally-funded school may be liable for sexual harassment or abuse committed by

one of its teachers or employees.  *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 63-64, 112

S. Ct. 1028, 1031 (1992).  In order to recover, the plaintiff must establish that "(1) a school

district employee with supervisory power over the offending teacher (2) had actual notice of the

---

[1] Under Texas law, "municipality means a general-law municipality, home-rule municipality, or special-law municipality," which may commonly be referred to as a city or town.  *See* Tex. Loc. Gov't. Code Ann. §§ 1.005, 5.001-5.005 (West 2008).  A Texas Independent School District is a different type of local governmental entity that has attributes of a "municipal corporation," but is created pursuant to different constitutional and statutory provisions.  *See* Tex. Const. Art. VII, § 3(d); Tex. Educ. Code. Ann. 11.011 et seq. (West 2012).  However, federal opinions concerning 42 U.S.C. § 1983 frequently refer to any local governmental entity as a "municipality" and that convention will be adopted here since these are the dispositive cases.

harassment and (3) responded with deliberate indifference." *King v. Conroe Indep. Sch. Dist.*, 289 Fed. App'x 1, 3 n. 3 (5th Cir. 2007) (citing *Gebser v. Loga Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 1999 (1998)).  Supervisory authority requires the ability to repudiate conduct and eliminate the hostile environment.  *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 661 (5th Cir. 1997).

### III.   Discussion

A.  <u>Plaintiff Has Failed To State A Claim Under 42 U.S.C. § 1983</u>

In Texas, the official policymaker for a school district is the Board of Trustees.  Tex. Educ. Code Ann. § 11.051 (West 2012).  Plaintiff makes no allegations against the OISD Board of Trustees in her original complaint or in either of her amended complaints.  Contrary to Plaintiff's protestations, under Texas law and Fifth Circuit precedent, this is not a mere matter of semantics.  In order for a municipality to be liable under 42 U.S.C. § 1983, the official policymaker must be involved, and in this case the official policymaker is the Board.  Plaintiff attempts to plead *respondeat superior*, but that cannot stand.  The Supreme Court has consistently refused to recognize *respondeat superior* in cases involving municipal liability.  *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997).

Besides failing to identify an errant policy maker, Plaintiff has not identified an official policy or custom that was a moving force behind her injury.  Rather, Plaintiff posits an "endemic" condition of abuse evidenced by fact that in three years nine educators in Southeast Texas were indicted or convicted.  Three educators at unspecified schools were allegedly suspended.  The indictment, conviction, or suspension of abusers indicates efforts to curtail abuse, not a custom or policy of approving or ignoring abuse.

4

Plaintiff alleges some form of deal between Defendant McFarlin and Defendant Gentry. Even if these allegations were taken as true, and in a light most favorable to Plaintiff, they are still insufficient.  Only the Board has the ability to make official policy.  Plaintiff's argument of *respondeat superior* is misplaced, as it does not exist with regard to liability of an independent school district.

Plaintiff has twice amended her complaint, including once after the motion to dismiss was filed, and has failed to plead any allegations against the policymaker, or to identify an official policy or custom that was a moving force behind her injury.  Defendant PAISD is entitled to a dismissal of Plaintiff's 42 U.S.C. § 1983 claim.

B.  <u>Plaintiff Has Failed To Meet The Pleading Requirements For A Title IX Claim</u>

Defendant OISD alleges that Plaintiff has failed to plead actual knowledge of the abuse by a person with supervisory authority.  Under a Title IX claim, there must be a school district employee with actual knowledge of the abuse and an ability to remediate the situation.  The alleged abuse in this case occurred when Defendant McFarlin worked for Defendant PAISD, not Defendant OISD.  Plaintiff has alleged no facts to suggest that any employee of Defendant OISD had any knowledge of what was occurring in a different school district, years after Defendant McFarlin left Defendant OISD's employ.  Plaintiff has failed to state a claim for which relief may be granted against Defendant OISD under Title IX.

## IV.    Conclusion

Defendant OISD motion to dismiss is GRANTED.  Plaintiff's 42 U.S.C. § 1983 claim and Title IX claim are DISMISSED.

So **ORDERED** and **SIGNED** this **4**  day of **March, 2014.**

5

_____

Ron Clark, United States District Judge