\*\* NOT PRINTED FOR PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PRISCILLA TRUONG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1-13-CV-292 |
| v. | § | |
| | § | JUDGE RON CLARK |
| ORANGEFIELD INDEPENDENT SCHOOL | § | |
| DISTRICT, et al., | § | |
| | § | |
| *Defendants.* | § | |

### ORDER GRANTING DEFENDANT PORT ARTHUR INDEPENDENT SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT

Defendant PAISD has moved for summary judgment on the remaining Title IX claim Plaintiff has asserted against it. [ Doc. # 54]. The summary judgment evidence establishes that PAISD had no notice of prior abuse by the teacher in question, McFaddin. The court grants Defendant PAISD's motion.[1]

### I. Background

Plaintiff, a 16-year-old minor during the relevant period, alleges that Defendant Kip McFarlin, one of her teachers, sexually assaulted her on numerous occasions. Plaintiff was a junior at PAISD when the alleged assaults occurred. Defendant PAISD employed Defendant McFarlin at the time of the alleged sexual assaults. Prior to his employment at PAISD,

---

[1] Plaintiff also alleges that certain records attached to the Defendant PAISD's motion as exhibits were not properly disclosed and therefore should be excluded. Defendant PAISD does not address this in its reply. If Defendant did fail to disclose this information, it would likely be inadmissible, but the court did not use this evidence in reaching its decision in this matter, so objections to its inclusion are DENIED AS MOOT.

1

Defendant McFarlin was employed by Defendant Orangefield Independent School District (OISD).  Plaintiff alleges Defendant McFarlin engaged in other instances of sexually inappropriate conduct with students while teaching for Defendant OISD and that Defendant OISD failed to warn Defendant PAISD of these incidents.  In the alternative, Plaintiff pleads PAISD ignored OISD's warnings in hiring Defendant McFarlin.

Plaintiff originally filed in state court, asserting claims under 42 U.S.C. § 1983 against both Defendants PAISD and OISD and state law assault and battery claims against Defendant McFarlin.  Defendants removed to federal court.  Plaintiff amended her complaint to include Title IX claims against Defendants PAISD and OISD, as well as a claim against Michael Gentry, former superintendent of OISD, in his individual capacity under 42 U.S.C. § 1983.  Defendants PAISD, OISD, and Gentry filed motions to dismiss.  The court dismissed all of the claims against Defendant OISD [Doc. # 50] and Defendant Gentry [Doc. # 52].  The court also dismissed the claim under 42 U.S.C. § 1983 against Defendant PAISD.  [Doc. # 51].

## II.    Applicable Law

A.  <u>Standard of Review</u>

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986).  Movant may show that the undisputed material facts affirmatively establish a right to judgment.  Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. But, the court is not going to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996)(citations omitted); *see also* Local Rule CV-56(c) and Appendix 1, ¶ 3 of the Order Governing Proceedings in this case. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only *reasonable* inferences in favor

of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

      B.  <u>Requirements for a Claim under Title IX</u>

A federally-funded school may be liable for sexual harassment or abuse committed by one of its teachers or employees. *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 63-64, 112 S. Ct. 1028, 1031 (1992). In order to recover, the plaintiff must establish that "(1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the harassment and (3) responded with deliberate indifference." *King v. Conroe Indep. Sch. Dist.*, 289 Fed. App'x 1, 3 n. 3 (5th Cir. 2007) (citing *Gebser v. Loga Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 1999 (1998)). Supervisory authority requires the ability to repudiate conduct and eliminate the hostile environment. *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 661 (5th Cir. 1997). That supervisory authority must "'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* at 658 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994)). The plaintiff must demonstrate that a supervisor actually knew that the offending teacher posed a substantial threat of sexual harassment. *Id.* at 659.

### III.    Discussion

Defendant PAISD has argued that Plaintiff has failed to provide any evidence to show that anyone in its employ has the requisite actual knowledge for a Title IX claim. While it is not necessary for a student alleging a Title IX claim to show that a person with supervisory authority knew that that particular student would suffer sexual harassment from that particular teacher, the student must demonstrate that a supervisor actually knew that the offending teacher posed a substantial threat of sexual harassment. *Rosa H.*, 106 F.3d at 659.

The crux of Plaintiff's argument is that OISD issued a suspension letter, dated September 16, 2005, to McFarlin regarding inappropriate comments to female students. [Ex. B, Doc. # 55-1]. Plaintiff attempts to argue that it would have been OISD's policy to disclose this letter to any future employer asking for a recommendation and that in the light most favorable to the nonmoving party, the court should presume that this raises an issue of material fact. This is contrary to both documentary evidence and deposition testimony.

Defendant PAISD's Director of Human Resources James Wyble testified that OISD told him that McFarlin left because of a divorce in the family and a need to move on with his life. [Ex. E., Doc. #55-1]. Wyble also testified that he had no knowledge of even rumors of McFarlin's conduct at OISD prior to this suit. Philip Welch, assistant superintendent of OISD in 2005, testified that he would have thought that a suspension letter would have been provided as part of a reference check, but his testimony appears entirely hypothetical and only about what the policy would be, not whether that policy was followed. [Ex. D, Doc. # 55-1]. In correspondence between OISD's legal counsel and its then superintendent, Gentry, discussing events of September 21, 2005, OISD's counsel states that she does not believe the comments that led to McFarlin's suspension needed to be reported to the State Board of Educator Certifications and she recommends McFarlin should receive a neutral or positive recommendation. [Ex. C, Doc. # 55-1].

At best, Plaintiff has shown that it would likely be OISD's policy to disclose a suspension letter. Plaintiff has provided no evidence to suggest that the suspension letter was actually disclosed. Nor does Plaintiff refute the statements in the letter from OISD's legal counsel that discusses providing a neutral or positive recommendation. Plaintiff's reference to a case where a single allegation was sufficient to survive dismissal is misplaced, as that case involved an

5

allegation of abuse at the time it was occurring, in the relevant school district, rather than an allegation of inappropriate remarks at a different school district, several years prior, as actual notice of sexual abuse occurring at Defendant PAISD. *Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 387 (5th Cir. 2000). Indeed, Plaintiff has failed to establish that even if Defendant PAISD knew about the suspension it would constitute actual notice of her sexual abuse.

## IV.    Conclusion

Plaintiff has failed to show that a material issue of fact exists with regard to actual notice by Defendant PAISD. Defendant PAISD's motion for summary judgment [Doc. # 54] is GRANTED.

So **ORDERED** and **SIGNED** this **29** day of **May, 2014.**

_____
Ron Clark, United States District Judge